IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-cv-00179-FL

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SABINE AISHA JULES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to proceed in forma pauperis, (DE 2), and for review pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's case be dismissed for failure to prosecute and, alternatively, for lack of subject matter jurisdiction. (DE 4). Plaintiff did not file objections to the M&R, instead moving to join the United States Attorney's Office in Massachusetts as a necessary and indispensable party. The time for filing objections has since expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

1

Here, the magistrate judge recommends dismissal of plaintiff's claims for failure to prosecute. Plaintiff was directed by this court in its April 11, 2023, order of deficiency to provide a financial disclosure statement and to provide a notice of self-representation. The court warned that failure to respond within 14 days of the order's entry may result in dismissal of the action without prejudice. Where plaintiff did not respond, and the time for doing so has elapsed, the court ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED for failure to prosecute and failure to follow the court's order.

In addition, and in the alternative, magistrate judge recommends dismissal of plaintiff's action for lack of subject matter jurisdiction. Plaintiff did not file written objection to this recommendation, though he did move to join the United States Attorney's Office in Massachusetts as a necessary and indispensable party. Such motion, however, is insufficient to meet plaintiff's burden of establishing subject matter jurisdiction, particularly where its connection to the instant action is ambiguous. Namely, whereas plaintiff in the instant complaint seeks annulment of his marriage with his former wife, in his motion for joinder plaintiff refers to "federal lawsuits involving the plaintiff's extensive 'music litigation[.]'" (DE 5 ¶ 2). Accordingly, in the alternative to dismissal for failure to prosecute, this court ADOPTS the recommendation of the magistrate judge to dismiss the action for lack of subject matter jurisdiction.

The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 7th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge